RECEIVED

OCT 0 4 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JAMES D. JOHNSON | CIVIL ACTION NO. 06-1404 |
| VS. | JUDGE DOHERTY |
| LAFAYETTE CLUB VENTURE LTD. | MAGISTRATE JUDGE METHVIN |

## ORDER REQUIRING SUBMISSION ON JURISDICTIONAL AMOUNT

This case was removed from a local state court based on the allegation of defendant Lafayette Club Venture Ltd. that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332. Defendant's allegation as to the amount in controversy is unsupported by specific facts.

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Plaintiff has not specified the numerical value of his damage claim, and the jurisdictional amount is not otherwise "facially apparent" from the complaint. Simon, 193 F.3d at 850. Plaintiff alleges that on February 4, 2006, he was a patron at Graham Central Station, defendant's nightclub in Lafayette, when he was assaulted and injured by defendant's employee. Plaintiff does not describe his injuries. Plaintiff seeks an unspecified amount of general damages and reimbursement for past medical expenses. These general allegations are an insufficient basis upon which to determine the existence of diversity jurisdiction.

In removal cases in which the jurisdictional amount is not "facially apparent," the court may require the removing party to submit "summary-judgment-type evidence, relevant to the

amount in controversy at the time of removal." Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995) (emphasis added). Relevant jurisdictional facts which should be included in the response to this Order include the following: (1) a description of the nature and severity of plaintiff's injuries; (2) plaintiff's diagnosis, including whether surgery was recommended at the time of removal; (3) whether the plaintiff underwent surgery by the time of removal, and the nature thereof; (4) duration of medical treatment; (5) dollar amount of medicals incurred at the time of removal; (6) time of removal estimate of the dollar amount of medicals which plaintiff will probably incur in the future based upon the medical diagnosis; (7) lost wages incurred at time of removal; (8) lost wages which plaintiff will probably incur in the future based upon the medical diagnosis; and (9) citations to caselaw involving similar facts which reflect verdicts in the amount of $75,000.00 or more. These facts should be presented in summary-judgment-type evidence.

**IT IS THEREFORE ORDERED** that on or before **October 24, 2006**, defendant shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists. Supporting documentation and/or affidavits are advisable. A copy of the memorandum shall be provided to the undersigned and opposing counsel.

Plaintiff will be allowed ten days to reply to defendant's arguments.

Signed at Lafayette, Louisiana on October ___4___, 2006.

COPY SENT:
DATE: 10/4/06
BY: ___
TO: ___

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140    FAX 593-5155